IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADRIAN DICKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAWNA HUSTED and ALLEN HUSTED,<br><br>    Defendants. | Case No. 25-200<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff Adrian Dickey ("Plaintiff" or "Adrian") and for his cause of action against Defendants Allen Husted and Shawna Husted ("Defendants" or the "Husteds"), states and alleges as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Adrian Dickey is an Iowa State Senator, long-time resident of Packwood, Iowa, and proud citizen and representative of the State of Iowa.

2. Defendant Shawna Husted ("Shawna") is Plaintiff's ex-wife, who lives in Warrenton, Virginia. Defendant Shawna Husted is a citizen of the State of Virginia.

3. Defendant Allen Husted is Shawna's remarried husband, who lives with Shawna in Warrenton, Virginia. Defendant Allen Husted is a citizen of the State of Virginia.

4. This Court has subject matter jurisdiction over the counterclaims asserted in this case under 28 U.S.C. § 1332 based on diversity of citizenship, as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because of their general and specific contacts within the Court's jurisdiction related to the claims at issue, including

their maintenance of a prior lawsuit against Plaintiff in Jefferson County, Iowa.

6. A substantial part of the events giving rise to the counterclaims occurred in Jefferson County, Iowa. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

7. This lawsuit presents the lengths a disgruntled ex-spouse (with the backing of her remarried husband) will go to harass, discredit, and financially injure her former husband.

8. On July 5, 2023, Defendants Shawna and Allen Husted filed a lawsuit against Defendant Adrian Dickey in Jefferson County, Iowa District Court at case number CVEQ004601 (the "Husteds' Lawsuit"). They generally alleged that Adrian previously gave a car to his daughter, Korynn Dickey, "as a gift with 'no strings attached,'" but secretively placed a lien on the vehicle's title and then falsely maintained his right to insurance proceeds after Allen Husted totaled the car.

9. As against Plaintiff, the Husteds asserted directly and/or prompted Korynn Dickey to assert claims for "Failure to Perfect Security Interest" (which is not a theory that Iowa recognizes), and for "Fraud," "Civil Conspiracy," and "Unjust Enrichment."

10. The Husteds joined the Jefferson County Treasurer, Mark Myers, as a defendant for two of these claims, including the count for civil conspiracy.

11. The Husteds in their individual capacity and as the guardians and conservators of Korynn Dickey controlled the decision-making, litigation, and claims.

12. None of the Husteds' allegations or claims had merit, however.

13. By Ruling and Order dated September 16, 2024, the Iowa District Court granted Plaintiff's motion for summary judgment and motion for sanctions. The Court recognized undisputed evidence establishing each element of Plaintiff's breach of contract counterclaim and awarded judgment in his favor. Other of Plaintiff's counterclaims were established by default due to the Husteds' misconduct during discovery. A copy of that Ruling and Order is attached as Exhibit 1.

14. The Husteds did not seek reconsideration, file an appeal, or otherwise challenge the September 16, 2024 Ruling and Order, which is a final and binding judgment.

15. Further, and in an attempt to escape a final judgment, the Husteds dismissed their claims against Plaintiff the day after the Court held hearing on Plaintiff's dispositive motions. At that point, the frivolousness of the Husteds' positions was well established.

16. By this action Plaintiff will ask a jury to hold the Husteds accountable for the cost of their baseless former suit and other related actions, which they prompted and initiated despite knowing falsity and for non-meritorious and improper purposes.

17. For example, the Husteds' Lawsuit alleged that "Adrian never told Korynn that he intended to place a lien on her vehicle, and he never obtained Korynn's consent to place a lien on her vehicle" and that Plaintiff's security notation was "improper and illegal."

18. But text messages that the Husteds produced plainly demonstrated that they possessed and knew this core allegation was false. As the Iowa District Court found, there was no dispute as to a "clear communication by [Adrian] on July 30, 2020, the date of purchase, that he would be a lienholder":





19. The Iowa District Court continued: "There is simply no evidence that [Adrian] defrauded or cheated his way into becoming a lienholder."

20. But the absence of evidence did not stop the Husteds from initiating and maintaining their suit, or attempting to prosecute Plaintiff in other ways.

21. For example, despite knowing that Plaintiff validly disclosed and contracted for his lien notation, the Husteds repeatedly urged the Iowa DOT to open a criminal investigation and prosecute Plaintiff.

22. The Husteds also communicated with media outlets and referred them to the suit for purposes of disseminating their allegations, so that Plaintiff would suffer

embarrassment and harassment by the press and among local constituents.

23. Knowing their lawsuit lacked merit also prompted the Husteds to engage in underhanded discovery tactics.

24. Without limitation, the Husteds conspired as to how they needed to delete information to prevent Plaintiff from obtaining it:



25. The Husteds contemplated that actions like these and their general refusal to cooperate in discovery would cause Plaintiff to "spend more money."

26. The Husteds discussed that they needed to "bribe" Korynn Dickey in advance of her deposition:

> We really need to get her prepped for this deposition, and I will bribe her with something and tell her if she can keep her shit together and stay calm, she can have whatever bribe I'm giving her. I know that sounds ridiculous but that will help her stay focused and motivated. She does not even have a mental health counselor to see during this time. That would really help her but she doesn't have one until we get back to Virginia

> Loved "We really need to get her prepped for this deposit..."

27. Allen Husted later texted how "important" it was "for Korynn to put on the academy performance of her life next week [at depositions]."

28. In fact, Shawna Husted told Korynn what she needed to say before the Husteds filed suit, despite Korynn telling her mother "I don't remember":

> We are meeting with an attorney tomorrow about the car. And the college bill. Or we are looking at all the options and one of them may be you actually pressing some type of charges against him for your college expenses and the car as a gift. Did Adrian ever tell you that he was the lienholder and was there anything he said that you would have to do to be able to keep the car? Do you have any text messages where he talks about giving it to you as a gift

> Did you sign any paperwork with him specifically that said he had a security interest or he was the one that actually owned the car? Think about this because it's important.

> I don't

> I don't remember

> Ok

> You need to legally say that it was a gift and you had no idea there was anything attached to it. As far as you know, it was a birthday gift so that you would have a safe vehicle and you never signed anything to the contrary (that said the opposite) because you didn't.

29. The pair (Shawna particularly) also conspired on messaging their false accusations about Plaintiff to third parties, with Shawna telling Korynn that she needed to read the emails that Shawna sent from Korynn's account "so [she] actually kn[e]w what's going on":



30. All of these actions and more were intentionally directed at Plaintiff, who the Husteds commonly referred to as "Adrianus."

31. In total, Defendants' conduct caused Plaintiff to incur fees and damages in excess of $100,000.

## COUNT ONE
### (For Abuse of Process)

32. Plaintiff hereby incorporates the foregoing paragraphs.

33. Defendants used legal process, both through the Husteds' Lawsuit and by criminal or like-references to the Iowa Department of Transportation or its investigators, against Plaintiff.

34. Defendants' used legal process primarily to accomplish a purpose for which it was not designed, such as and without limitation, to harass Plaintiff, cause embarrassment,

spread otherwise defamatory material about Plaintiff, and cause him to spend money in defense.

35. Plaintiff has been harmed and has suffered damages as a result of Defendants' actions and abuse of process.

36. Defendants' actions and abuse of legal process were done willfully and in wanton disregard of Plaintiff and his rights, justifying an award of punitive and exemplary damages.

## COUNT TWO
**(For Malicious Prosecution)**

37. Plaintiff hereby incorporates the foregoing paragraphs.

38. Defendants previously initiated and maintained claims against Plaintiff, including the prosecution of claims filed in the Husteds' Lawsuit.

39. Defendants' claims against Plaintiff were dismissed and Plaintiff otherwise obtained an acquittal and discharge of the allegations, conduct, and claims that Defendants brought against him.

40. Defendants' prior prosecution was without merit and without probable cause.

41. Defendants harbored and acted upon malice against Plaintiff in bringing their prior case.

42. Plaintiff has been harmed and has suffered damages as a result of Defendants' conduct and malicious prosecution.

43. Defendants' conduct and malicious prosecution was done willfully and in wanton disregard of Plaintiff and his rights, justifying an award of punitive and exemplary damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adrian Dickey prays that the Court enter relief and judgment as follows:

A. Entering judgment against Defendants Shawna Husted and Allen Husted, jointly and severally, in an amount equal to Plaintiff's actual, consequential, and other damages recoverable on the claims asserted herein, all interest allowable on such awards at the maximum rate allowed by law, for punitive and exemplary damages, and for the fees and costs associated with this action;

B. Ordering Defendants to pay Plaintiff's expenses incurred in prosecuting this action, including attorneys' fees as allowed by law;

C. Granting Plaintiff such other and further relief as may be just and equitable.

Dated: June 12, 2025

Respectfully submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
Samuel J. Gray, AT0015718
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Tel: 319-366-7641; Fax: 319-366-1917
acarls@spmblaw.com
sgray@spmblaw.com
ATTORNEYS FOR PLAINTIFF