# EXHIBIT A

## IN THE IOWA DISTRICT COURT FOR JEFFERSON COUNTY

| | |
|---|---|
| KORYNN TJADEN DICKEY n/k/a KORYNN TJADEN HUSTED, SHAWNA HUSTED, and ALLEN HUSTED,<br><br>    Plaintiffs,<br><br>v.<br><br>ADRIAN JEREMY DICKEY and MARK MYERS in his capacity as JEFFERSON COUNTY IOWA, TREASURER,<br><br>    Defendants. | Case No. CVEQ004601<br><br>**PROTECTIVE ORDER** |

Before the Court is the joint motion of Plaintiffs Tjaden Dickey, Shawna Husted, and Allen Husted, and Defendants Adrian Dickey and Mark Myers in his capacity as Jefferson County Iowa Treasurer, seeking the entry of a protective order to govern discovery in this case. Pursuant to Iowa Rule of Civil Procedure 1.504, it appearing that discovery in the above-entitled action is likely to involve the disclosure of certain confidential information, and good cause appearing:

IT IS HEREBY ORDERED as follows:

1.   This Protective Order shall govern all information, answers, documents, testimony and other discovery materials produced by any Party in the above-entitled action.

2.   All documents and things designated as confidential by the Parties, the contents of such confidential documents, and any deposition testimony designated as confidential shall be kept confidential and shall not be disclosed to anyone except as provided herein. Confidential materials may include financial, tax records, business and personnel records produced by the Parties (the "Confidential Information"). The Parties, in producing documents informally, in response to a court order or discovery request shall designate such documents and deposition testimony as confidential which they believe to be so in good faith.

3. In the event that the Parties disagree as to any designation of confidential documents or information, they shall submit the issue to the Court for its determination. Until a final determination of the issue by the Court, such documents and information shall be treated as confidential under the terms of this order. It shall be the burden of the party producing documents to designate them as confidential at the time of production by marking them as follows: "Confidential," or "Confidential: Subject to Protective Order."

4. In applications and motions to the Court, all submissions of Designated Material shall be filed under seal pursuant to the Iowa Rule of Civil Procedure 16.405. Prior to disclosure at trial or a hearing of materials or information designated as Confidential Information, the Parties may seek further protections from the Court against public disclosure. The Parties may make recommendations to the Court regarding handling of Confidential Information at trial, but the presiding judge will make the ultimate decision.

5. Confidential Information furnished or disclosed in these proceedings by the Parties shall not be disclosed or re-disclosed to anyone other than those persons listed below:

    a) the Court (including any appellate court) and its officers, court reporters, interpreters, and other Court personnel serving similar functions in this action;

    b) attorneys, paralegals and staff of the Parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of this matter;

    c) persons retained, or in good faith being considered for retention, with respect to this case by the respective Parties as independent experts and/or expert witnesses;

    d) the Parties;

    e) potential, anticipated, or actual fact witness and his or her counsel, but only to the extent Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have agreed in writing to be subject to this order;

      f)     any court reporter (including the service, agency or company for which such court reporter works, a "Court Reporter") recording or transcribing any deposition or proceedings in this case, but only if such Court Reporter has agreed in writing before the beginning of a deposition to be subject to this order; and

      g)     other persons, as agreed to in writing or on the record by the producing party and all other Parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Information in order to prepare for the case.

6.     The form of agreement referenced above is attached hereto as Exhibit 1. Signed copies of Exhibit 1 must be delivered to counsel for the Parties upon request.

7.     All depositions or portions of depositions (including any relevant exhibits) taken in this action that contain Confidential Information may be designated "Confidential" and thereby obtain the protections accorded to Confidential Information. Designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

8.     The provisions of this Protective Order shall extend to confidential material produced in this case by third parties, if timely requested by the third party or one of the parties. A copy of this Protective Order may be served along with any subpoena served in connection with this case.

9.     The inadvertent disclosure or production of any information or document that is subject to designation under this Protective Order or an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's

claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as Confidential Information, attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must destroy or return it to the producing party upon receipt of appropriately designated substitute documents or a privilege log, regardless of whether the receiving party agrees with the confidentiality designation, or the claim of privilege and/or work-product protection.

10. Nothing shall prohibit the future use by the producing party of their documents that they have produced while seeking the protections of this order. Further, this Protective Order does not prohibit either party from using materials already in its possession prior to this case in any other litigation, arbitration, mediation, or legal proceeding.

11. The records custodian may designate a public record as confidential as part of this case or as otherwise provided in state or federal law. Nothing in this order shall be construed to restrict the County, it's elected officials, employees, or representatives from disclosing or using public records, including in its regular course of business.

12. This order applies to copies and summaries or compilations of any Confidential Information.

13. The parties agree to serve documents filed with the Court under seal by electronic mail and consent to service through the same.

14. After the termination of this case, this protective order shall continue to be binding upon the Parties hereto (including any non-parties who have agreed to be bound hereby) and upon all persons to whom Confidential Information has been disclosed or communicated. This protective order shall remain in effect through the case and all appeals

and retrials, if any, therefrom.

15. This order is subject to further modification by the Court. Any party may move the Court to expand or restrict further access to the Confidential Information as the facts may warrant.

.

# PROTECTIVE ORDER EXHIBIT 1

## AGREEMENT TO BE BOUND BY ORDER

This Agreement relates to the *Protective Order* (the "**Order**"), entered by the Iowa District Court for Jefferson County (the "**Court**") in the case captioned Dickey, et al. v. Dickey, et al., CVEQ004601.

The undersigned agrees that he, she or it:

(a) has been provided with, and has had adequate opportunity to review, a copy of the Order;
(b) understands that the Order imposes strict limitations on access to and the use of Confidential Information (as such term is used in the Order);
(c) cannot see, review or receive any Confidential Information until he or she signs a copy of this Agreement;
(d) will provide a copy of this signed Agreement upon request;
(e) will be subject to the Order, and the powers of the Court, by signing this Agreement; and
(f) is signing this Agreement on his or her own free will.

If the undersigned is signing on behalf of a court reporting service, company or agency, he or she represents and warrants that he or she has authority to bind the service, company or agency to the terms of this Agreement and the Order.

FOR INDIVIDUALS:

Signature:_____    DATE:_____

Name: _____

Address: _____

_____

FOR COURT REPORTING SERVICES:

Company Name:_____    DATE:_____

By:_____

Title or Position:_____

Printed Name of Person Signing:_____



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| CVEQ004601 | DICKEY, KORYNN VS DICKEY, ADRIAN |
| **Type:** | PROTECTIVE ORDER |

So Ordered

Shawn Showers
Judge

Electronically signed on 2024-03-08 13:51:27