### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOURTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| ADRIAN DICKEY,<br><br>          Plaintiff,<br><br>vs.<br><br>SHAWNA HUSTED and ALLEN HUSTED,<br><br>          Defendants. | Case No. 25-cv-00200-SMR-WPK<br><br>**RESISTANCE TO MOTION TO SEAL** |

Plaintiff Adrian Dickey ("Plaintiff") respectfully resists Defendants Allen Husted's and Shawna Husted's (the "Husteds") Motion to Seal, Dkt. 14 ("Motion").

On September 22, 2025, the Husteds moved to seal Plaintiff's First Amended Complaint and other filings referring to information the Husteds marked "Confidential" in the parties' prior state court action. However, a review of the information makes clear that while pages of the relevant text messages were marked "Confidential," nothing about the information at issue is sensitive, confidential, or requires redaction or sealing. The Husteds' motion puts form over substance by allowing confidentiality designations that they overbroadly applied before to govern substance that is clearly not confidential now. Indeed, the Husteds' motion does not explain what is confidential about the filings or information they ask the Court to seal or the harm that may arise if the Court does not.

Further, there is a strong public interest in access to the information contained in Plaintiff's filings, and the right to access "presumptively attaches unless the party seeking to seal a record provides a 'compelling reason' to do so." *Neogen Corp. v. Innovative Reproduction Tech., LLC*, 4:19-cv-00330-RGE-SHL, 2022 WL 1518924, at *2 (S.D. Iowa Jan. 14, 2022); *cf. Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual

circumstances."). Plaintiff posits that an arbitrary designation of "Confidential" cannot override the public's right to access.

In any event, contemporaneously with this resistance, Plaintiff is filing an Unresisted Motion for Federal Court Authority to Modify Protective Order, seeking a state court Order authorizing this Court to modify the state court Protective Order and the confidentiality designations made in the state court action. *See Dickey v. Dickey*, Jefferson Cnty. No. CVEQ004601 (Motion filed Oct. 6, 2025). To the extent that the Court has abstention or comity-based concerns with respect to designations controlled by a state court protective order, Plaintiff anticipates that the Court will be deputized to fully resolve those issues soon.

Dated: October 6, 2025

Respectfully submitted,

SIMMONS PERRINE PLC

 /s/ Abram V. Carls
Abram V. Carls, AT0011818
Samuel J. Gray, AT0015718
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Tel: 319-366-7641; Fax: 319-366-1917
acarls@sp.law
sgray@sp.law
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2025, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Southern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls