### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| ADRIAN DICKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAWNA HUSTED and ALLEN HUSTED,<br><br>    Defendants. | Case No. 25-cv-00200-SMR-WPK<br><br>**PROTECTIVE ORDER** |

Before the Court is the joint motion of Plaintiff Adrian Dickey and Defendants Shawna Husted and Allen Husted seeking the entry of a protective order. When applicable, the Plaintiff and Defendants are referred to jointly as the "Parties." Having considered the joint motion and the record in this case, and finding that the Parties consent to the relief sought, the Court finds that there is good cause for entry of this order.

**THEREFORE**, **IT IS ORDERED**, **ADJUDGED AND DECREED that:**

1.      This Protective Order shall govern all information, answers, documents, testimony and other discovery materials produced by any Party.

2.      All documents and things designated as confidential by the Parties, the contents of such confidential documents, and any deposition testimony designated as confidential shall be kept confidential and shall not be disclosed to anyone except as provided herein. Confidential materials may include financial, tax records, business and personnel records produced by the Parties (the "Confidential Information"). The Parties, in producing documents informally, in response to a court order or discovery request shall designate such documents and deposition testimony as confidential which they believe to be so in good faith.

3.      In the event that the Parties disagree as to any designation of confidential

documents or information, they shall submit the issue to the Court for its determination. Until a final determination of the issue by the Court, such documents and information shall be treated as confidential under the terms of this order. It shall be the burden of the party producing documents to designate them as confidential at the time of production by marking them as follows: "Confidential," or "Confidential: Subject to Protective Order."

4. In applications and motions to the Court, all submissions of Confidential Information shall be filed under seal. Prior to disclosure at trial or a hearing of materials or information designated as Confidential Information, the Parties may seek further protections from the Court against public disclosure. The Parties may make recommendations to the Court regarding handling of Confidential Information at trial, but the presiding judge will make the ultimate decision.

5. Confidential Information furnished or disclosed in these proceedings by the Parties shall not be disclosed or re-disclosed to anyone other than those persons listed below:

    a) the Court (including any appellate court) and its officers, court reporters, interpreters, and other Court personnel serving similar functions in this action;

    b) attorneys, paralegals and staff of the Parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of this matter;

    c) persons retained, or in good faith being considered for retention, with respect to this litigation by the respective Parties as independent experts and/or expert witnesses;

    d) the Parties;

    e) potential, anticipated, or actual fact witness and his or her counsel, but only to the extent Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have agreed in writing to be subject to this order;

    f)  any court reporter (including the service, agency or company for which such court reporter works, a "Court Reporter") recording or transcribing any deposition or proceedings in this case, but only if such Court Reporter has agreed in writing before the beginning of a deposition to be subject to this order; and

    g)  other persons, as agreed to in writing or on the record by the producing party and all other Parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Information in order to prepare for the litigation.

  6.  The form of agreement referenced above is attached hereto as Exhibit 1. Signed copies of Exhibit 1 must be delivered to counsel for the Parties upon request.

  7.  The provisions of this Protective Order shall extend to confidential material produced in this case by third parties, if timely requested by the third party or one of the parties.

  8.  All depositions or portions of depositions (including any relevant exhibits) taken in this action that contain Confidential Information may be designated "Confidential" and thereby obtain the protections accorded to Confidential Information. Designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

  9.  The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder

from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within three (3) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

10. Nothing shall prohibit the future use by the producing party of their documents that they have produced while seeking the protections of this order.

11. This order applies to copies and summaries or compilations of any Confidential Information.

12. After the termination of this litigation, this protective order shall continue to be binding upon the Parties hereto (including any non-parties who have agreed to be bound hereby) and upon all persons to whom Confidential Information has been disclosed or communicated. This protective order shall remain in effect through the litigation and all appeals and retrials, if any, therefrom.

13. This order is subject to further modification by the Court. Any party may move the Court to expand or restrict further access to the Confidential Information as the facts may warrant.

IT IS SO ORDERED.

Dated this 23rd day of October.

_____
Honorable William P. Kelly
U.S. Magistrate Judge

# PROTECTIVE ORDER EXHIBIT 1

## AGREEMENT TO BE BOUND BY ORDER

This Agreement relates to the *Protective Order* (the "**Order**"), entered by the United States District Court for the Southern District of Iowa (the "**Court**") in the case captioned Adrian Dickey vs. Shawna Husted and Allen Husted, case number 25-cv-00200-SMR-WPK.

The undersigned agrees that he, she or it:

(a) has been provided with, and has had adequate opportunity to review, a copy of the Order;
(b) understands that the Order imposes strict limitations on access to and the use of Confidential Information (as such term is used in the Order);
(c) cannot see, review or receive any Confidential Information until he or she signs a copy of this Agreement;
(d) will provide a copy of this signed Agreement upon request;
(e) will be subject to the Order, and the powers of the Court, by signing this Agreement; and
(f) is signing this Agreement on his or her own free will.

If the undersigned is signing on behalf of a court reporting service, company or agency, he or she represents and warrants that he or she has authority to bind the service, company or agency to the terms of this Agreement and the Order.

FOR INDIVIDUALS:

Signature:_____          DATE:_____

Name: _____

Address: _____

_____

FOR COURT REPORTING SERVICES:

Company Name:_____          DATE:_____

By:_____

Title or Position:_____

Printed Name of Person Signing:_____