IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADRIAN DICKEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHAWNA HUSTED and ALLEN HUSTED,<br><br>　　　　Defendants. | 4:25-cv-00200-SMR-WPK<br><br><br><br>ORDER RE: DEFENDANTS' MOTION TO SEAL |

Before the Court is Defendants' Motion to Seal. ECF 14. Neither party requested a hearing. The Court reviewed and considered the exhibits, and the arguments made in the filed documents. The Court considers the Motion fully submitted and for the reasons stated below DENIES the Motion to Seal.

Plaintiff, Adrian Dickey (Dickey), filed a Complaint against Defendants, Shawna Husted and Allen Husted (Husteds), on June 12, 2025.[1] ECF 1. Dickey alleges abuse of process and malicious prosecution. ECF 1, 9. Dickey filed these claims in federal court pursuant to 28 U.S.C. 1332, allowing for state claims in federal court when diversity of citizenship and amount in controversy is met. ECF 1, 9. The allegations in the Complaint stem from a state lawsuit filed by Shawna Husted and Allen Husted against Adrian Dickey on July 5, 2023. ECF 1, 9. In the state lawsuit, a summary judgment motion was granted in favor of the Defendant, Adrian Dickey, on September 16, 2024. Defendant Shawna Husted is Plaintiff's ex-wife, and the parties have escalated their family problems from state court to federal court. *Id*. Korynn Dickey (Korynn) is

---

[1] Plaintiff filed an Amended Complaint on August 18, 2025. ECF 9.

Shawna and the Plaintiff's daughter. The Husteds are Korynn Dickey's guardians and conservators. *Id*.

On September 22, 2025, Defendants, the Husteds, filed the present Motion to Seal. ECF 14. In the Motion the Husteds ask the Court to seal the Complaint, Amended Complaint, and Response to the Motion to Dismiss. *Id*. They also request an order requiring further filings that include material designated "Confidential Information" in the state lawsuit be filed under seal. *Id*. The Husteds assert that the aforementioned filings "contain screen shots of text messages between and among Shawna, Allen, and Korynn Husted" that were protected by a prior agreed upon protective order. *Id*. at ¶ 6. They explain that the parties entered a stipulated protective order regarding the state court lawsuit on March 8, 2024. *Id*. at ¶ 3–4. The Husteds argue that "[t]here is no provision in the Protective Order permitting any party to file Confidential Information in the public record in a subsequent lawsuit." *Id*. at ¶ 5. Dickey filed a Resistance to the Husted's Motion to Seal on October 6, 2025. ECF 21. Dickey admits that the text messages in question were marked as confidential in the state lawsuit but argues that "nothing about the information at issue is sensitive, confidential, or requires redaction or sealing." *Id*. He goes on to state "The Husteds' motion puts form over substance by allowing confidentiality designations that they overbroadly applied before to govern substance that is clearly not confidential now. Indeed, the Husteds' motion does not explain what is confidential about the filings or information they ask the Court to seal or the harm that may arise if the Court does not." *Id*.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner, Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)). The rationale for providing public access to judicial records "is based on the need for the federal courts to have a measure of accountability

and for the public to have confidence in the administration of justice." *United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023). This presumption for public access "may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt,* 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "Among the 'compelling reasons' for nondisclosure that the Eighth Circuit has recognized are personal and professional safety, the need to protect sensitive business information, and personal privacy." *Steele v. City of Burlington*, 334 F.Supp.3d 972, 981 (S.D. Iowa 2018) (citing *Flynt*, 885 F.3d at 511–12). However, "'[e]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.' *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509–11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)." *FA ND Chev, LLC v. Kupper*, No. 1:20-cv-138, 2022 WL 18621063, at *1 (D.N.D. Aug. 2, 2022). The Southern District of Iowa's Local Rule 5(c) has similar requirements, stating that the documents sought to be sealed must be "described in the motion with sufficient particularity to enable the court to rule on the motion without reviewing the documents." LR 5(c).

      We do not have safety issues or the need to protect sensitive business information provided for reasons to seal. Here, the Husteds merely state that the text messages included in the filings were "designated 'Confidential' when they were produced to Plaintiff in the State Lawsuit." ECF 14 ¶ 7. They fail to allege "in detail" what exactly is confidential within the filings. Based on the Court's interpretation of the Motion and the attached exhibits, it seems that the Husteds believe that text messages are inherently personal in nature and must be sealed for personal privacy

reasons. Clearly, the lawsuits involve their daughter and the issues with a vehicle. Their parenting issues with the vehicle became public. The Court agrees with the notion that their interaction with their daughter is personal in nature but sealing the Complaint, First Amended Complaint, and Response to Motion to Dismiss is a very broad request. The Eighth Circuit has detailed what qualifies as a "compelling reason" warranting the sealing of certain information. *See Flynt*, 885 F.3d at 511-12; *Kupper*, 2022 WL 18621063, at *1. Simply stating that text messages are confidential, without more specific detail alleging how the requested documents to seal are confidential under federal law, is not enough. The Defendants have not met their burden of providing compelling reasons. Specifically, the Eighth Circuit has previously ruled that text messages marked as "Confidential," and described as "'personal in nature, [that were] being used in an attempt to embarrass and harass the individuals involved" did not warrant sealing by the court because "[a]lthough the information [was] potentially [] embarrassing, it [did] not contain personal identifiable information[.]" *Kupper*, 2022 WL 18621063, at *2–3. This Court finds that the same reasoning applies here; while the use of the text messages involving their daughter in these filings may be in poor taste and in violation of a state-court protective order[2], they do not appear to contain highly confidential information or even "personal identifiable information" such as phone numbers. *See id.*

Additionally, the Husteds fail to show what *specific portions* of the filings need to be under seal. Rather they request that the entirety of all three filings, the Complaint, the Amended Complaint, and the Response to the Motion to Dismiss be sealed. As previously explained, the

---

[2] As will be discussed, this Court is not determining that the party would be in contempt of court or violated the bounds of the state court protective order. The sole issue before this Court is whether the Complaint, First Amended Complaint, and Response to Motion to Dismiss should be sealed as requested by the Husteds. Contempt or violation of the state protective order would be a determination for the Iowa District Court for Jefferson County.

federal courts are public forums and there is "a strong presumption in favor of openness as to court records. The burden of overcoming that presumption . . . is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (internal citations omitted); *see also Kupper*, 2022 WL 18621063, at *3 ("The parties are litigating this case in federal court, which is a public forum. Kupper has not met his burden to show why the information should be sealed, and the Court is not convinced the exhibit contains confidential information."). The information and detail, or lack thereof, provided by the Husteds does not meet the burden required to weigh against the presumption for public access to the filings referenced—especially when two of those filings are the entire Complaint and Amended Complaint, filings essential to the case in chief.

While the Court recognizes that the filings may have violated a state-court protective order, this Court is not bound to follow or enforce state-court orders. *See Penman v. Hess Bakken Invs. II, LLC*, No. 1:22-cv-097, 2025 WL 2753486, *3 n.1 (D.N.D. Sept. 22, 2025); *see also Peoples Nat'l Bank, N.A. v. Mehlman*, No. 4:15CV00996, 2015 WL 6434367, at *2 (E.D. Mo. Oct. 21, 2015) (citing cases that illustrate federal courts do not have jurisdiction to enforce state-court orders). The proper remedy for an alleged violation of a state-court order would be found with the state court itself. *See Field Turf USA, Inc. v. Sports Const. Grp., LLC*, No. 1:06 CV 2624, 2007 WL 4412855, at *4 n.7 (N.D. Ohio Dec. 12, 2007) ("This Court has no authority to enforce the state court's protective order and, so, it will leave resolution of this question to the state court."). However, this court will follow the Protective Order that governs this case, filed by the Court on October 23, 2025. ECF 23.

The Court concludes that the Husteds have not met the burden required by the Eighth Circuit or Local Rule 5(c) regarding a Motion to Seal. Thus, for the reasons explained within this Order, the Motion to Seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2025.

                                                                  Honorable William P. Kelly
                                                                  U.S. Magistrate Judge